UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK –
POUGHKEEPSIE DIVISION

-----------------------------------------------------------------X

In Re:

7 MERRIEWOLD LLC,

                       Debtors.

-----------------------------------------------------------------X

Case No. 26-35163-kyp

Chapter 11

<u>NOTICE OF MOTION</u>

Upon the annexed *MOTION TO DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY CASE* ("<u>Motion to Dismiss</u>") filed by  of Jenelle Arnold, Esq., dated April 7, 2026 and the exhibits annexed thereto, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST ("<u>Creditor</u>"), by and through its authorized loan servicer, Selene Finance LP ("<u>Selene</u>"), a secured creditor, will move this court before the Hon. Judge Kyu Young Paek, United States Bankruptcy Judge, on the 19th of May, 2026 at 10:00 AM in the forenoon of that day, or as soon thereafter as counsel may be heard, at the courthouse located at United States Bankruptcy Court, 355 Main Street, Poughkeepsie, NY 12601-3315 (see below for remote appearance information) for an Order Dismissing Debtor's Chapter 11 Case under §1112 to allow Creditor, to proceed with default remedies under state law with respect to the mortgage it holds on the premises known as 7 Merriewold Lane S, Monroe, NY 10905 ("<u>Property</u>"), on the grounds that: (1) Debtor and/or third parties have engaged in bad faith scheme to delay, hinder, and defraud  creditors; (2) Debtor has failed to file required documents under the Bankruptcy Code, Bankruptcy Rules, and Local Rules; (3) Debtor (an entity) failed to retain an attorney; and (4) there is no reasonable likelihood of a successful reorganization.

Please register with eCourt Appearances at

https://ecf.nyeb.uscourts.gov/cgibin/nyebAppearances.pl. at least two business days before the

scheduled hearing. To register, please provide your name, address, e-mail address, telephone

number to be used on the hearing date, and if appropriate, the party that you represent. You will

receive instructions how to access the hearing via email two business days before the hearing. On

your hearing date, please connect at least ten minutes before your scheduled hearing time, and

keep your audio and video on mute until your case is called.

Dated: April 7, 2026

Respectfully submitted,

*/s/ Jenelle Arnold*
Jenelle Arnold
Attorney for Creditor
Aldridge Pite, LLP
8880 Rio San Diego Drive
Suite 725
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
Email: JArnold@aldridgepite.com

TO:


**7 Merriewold LLC**
7 Merriewold Lane S
Monroe, NY 10905

**Bentzion Jacobovitch**
7 Merriewold Lane S,
Monroe, NY 10905

**United States Trustee**
Office of the United States Trustee
11A Clinton Ave.
Room 620
Albany, NY 12207

CREDITOR LIST

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK –
POUGHKEEPSIE DIVISION

---------------------------------------------------------------X

In Re:

7 MERRIEWOLD LLC,

               Debtors.

---------------------------------------------------------------X

Case No. 26-35163-kyp

Chapter 11

## MOTION TO DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST ("Creditor"), by and through its authorized loan servicer, Selene Finance LP ("Selene"), hereby moves this Court, pursuant to 11 U.S.C. §1112(b) for an Order Dismissing Debtor's Chapter 11 Case with respect to certain real property of the Debtor having an address of 7 Merriewold Lane S, Monroe, NY 10905 (the "Property"), for all purposes allowed by law, the Note (defined below), the Mortgage (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, the undersigned respectfully states the following under penalty of perjury:

I.       STATEMENT OF FACTS

### A. LOAN HISTORY

1. On or about January 25, 2019, Bentzion Jacobovitch ("Borrower"), executed and delivered a promissory note in the principal sum of $330,600.00 ("Note"). (Exhibit 1).

2. The Note is secured by a recorded mortgage ("Mortgage") granting a security interest in the Property. (Exhibit 2).

### B. THE FORECLOSURE CASE

3. Creditor commenced a foreclosure proceeding by filing a Complaint in Orange County, New York (the "Foreclosure Case").

4. On October 3, 2024, Creditor obtained a Final Foreclosure Judgment for $425,949.64 ("Judgment"). (See Exhibit 3).

5. On April 4, 2025, Creditor recorded a Notice of Sale setting a sale date for May 7, 2025. (*See* Exhibit 4).

6. Creditor was forced to cancel the scheduled foreclosure sale due to the filing of the First Bankruptcy Case by the Borrower (discussed below).

7. On January 16, 2026, Creditor recorded the most recent Notice of Sale setting a sale date for February 17, 2026 at 10:00 a.m. (*See* Exhibit 5).

8. On February 17, 2026 at 10:00 a.m., *the same day as the petition*, Creditor commenced, and then completed a foreclosure sale of the Property.

9. On February 17, 2026., after the commencing of the foreclosure sale, a third party allegedly sent an email to Creditor's counsel, Aldridge Pite, LLP, enclosing a copy of the instant Bankruptcy petition, which listed a Bankruptcy filing date of February 17, 2026 at 8:54 a.m. (*See* Exhibit 6).

10. On February 17, 2026, at 10:15 a.m. a Notice of Bankruptcy Case Fling was filed in the Foreclosure Case. (*See* Exhibit 7).

11. Concurrently with this Motion to Dismiss, Creditor is filing a Motion to Annul the Stay.

## C. THE PRIOR BANKRUPTCY CASE

12. On May 5, 2026, *two days before the original sale date*, the Borrower, Bentzion Jacobovitch, filed a prior Chapter 7 Bankruptcy Case in the Southern District of New York and was assigned Case Number 25-35481-kyp (the "First Case"). (*See* Exhibit 8).

13. On July 25, 2025, the Court entered an Order Dismissing the First. Case.

## C. THE INSTANT BANKRUPTCY CASE

14. On February 17, 2026, *the day of the scheduled foreclosure sale*, an unrelated third party, 7 Merriewold LLC ("Debtor"), filed a Chapter 11 Case in the Southern District of New York and was assigned case number 26-35163-kyp (the "Bankruptcy Case"). The Debtor filed a skeletal petition with blank or missing information. Debtor listed the Property as its principal place of

business on the petition. Debtor alleged it is a "single asset real estate" debtor. Debtor attached a "Written Consent and Resolution of the Members/Managers of 7 Merriewold LLC" to the petition. Creditor is listed as the only creditor of the Bankruptcy estate. Debtor listed the Claim as disputed on the list of 20 Largest Unsecured Creditors in the amount of $450,000, with a collateral value of $350,000. **The petition was signed by the Borrower, Bentzion Jacobovitch**, as Member of the Debtor. (*See* Dkt No. 1).

15.     Nothing in the Petition or documents confirm or suggest the Debtor was the record owner of the Property as of the Bankruptcy petition date. However, following completion of the foreclosure sale, Creditor discovered the attached unauthorized Bargain and Sale Deed purporting to transfer interest in the Property from the Borrower, Bentzion Jacobovitch to the Debtor, 7 Merriewold LLC. **The Deed reflects that it was recorded on February 17, 2026 at 9:48 a.m. (minutes before the scheduled foreclosure sale).** (*See* Exhibit 9).

16.     Debtor, an entity, filed the Bankruptcy Case without counsel.

17.     On February 17, 2026, the Court entered a Deficiency Notice. (Dkt No. 1). Pursuant to the Deficiency Notice, the Court noted the following defects:

- Schedule A/B due **3/3/2026**
- Schedule D due **3/3/2026**
- Schedule E/F due **3/3/2026**
- Schedule G due **3/3/2026**
- Schedule H due **3/3/2026**
- Summary of Assets and Liabilities due **3/3/2026**
- Statement of Financial Affairs due **3/3/2026**
- Declaration of Schedules due  **3/3/2026**
- List of Equity Security Holders due **3/3/2026**
- Local Rule 1007-2 Affidavit due by: **3/3/2026**
- Corporate Ownership Statement due by: **3/3/2026**

18.     To date, the Debtor has yet to file any of the missing documents, Schedules, or Statements, many of which are past due.

19.     To date, Debtor has yet to retain counsel.

20.     To date, the Debtor has yet to file monthly operating reports.

21.     To date, the Debtor has yet to file a Disclosure Statement or Plan.

## II.     ARGUMENT

### A. DEBTOR'S BANKRUPTCY CASE SHOULD BE DISMISSED PURSUANT TO 11 U.S.C. § 1112

### 1.     Legal Standard.

22.     Section 1112 of the Bankruptcy Code provides, in pertinent part:

> ...on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court **_shall_** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes *cause*.

11 U.S.C. § 1112(b)(1) (emphasis added). A movant bears the burden of establishing by preponderance of the evidence that cause exists to convert the case from chapter 11 to chapter 7, or to dismiss the case, whichever is in the best interest of creditors and the estate. *In re Lizeric Realty Corp.,* 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995). Once "cause" is established, the burden shifts to the party opposing conversion to show that relief is not warranted. *Id.* For the reasons discussed more fully below, sufficient "cause" exists to convert or dismiss this case.

### 2. Cause Exists to Dismiss this Case Based on Failure to Comply with the Bankruptcy Code, Federal Bankruptcy Rules, and Local Bankruptcy Rules, and Failure to Comply with an Order of the Court

23.     Pursuant to 11 U.S.C. §1112(b)(4), a court shall dismiss a case for cause including "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" or failure to comply with an order of the court." 11 U.S.C. §1112(b)(4)(E) and (F).

24.      On February 17, 2026, the Court entered a Deficiency Notice. (Dkt No. 1). Pursuant to the Deficiency Notice, the Court noted the following defects:

- Schedule A/B due **3/3/2026**
- Schedule D due **3/3/2026**
- Schedule E/F due **3/3/2026**
- Schedule G due **3/3/2026**
- Schedule H due **3/3/2026**
- Summary of Assets and Liabilities due **3/3/2026**
- Statement of Financial Affairs due **3/3/2026**
- Declaration of Schedules due  **3/3/2026**
- List of Equity Security Holders due **3/3/2026**
- Local Rule 1007-2 Affidavit due by: **3/3/2026**
- Corporate Ownership Statement due by: **3/3/2026**

25.      To date, the Debtor has yet to file any of the missing documents, Schedules, or Statements, many of which are past due.

26.      To date, Debtor has yet to retain counsel.

27.      To date, the Debtor has yet to file monthly operating reports.

28.      Based on the foregoing, cause exists to dismiss this case pursuant to 11 U.S.C. §§1112(b)(4)(E) and (F).

**3. Cause Exists to Dismiss this Case as Debtor Failed to Retain Bankruptcy Counsel**

29.      Pursuant to Federal Rules of Bankruptcy Procedure 9010(a), a non−individual cannot appear in these proceedings except through counsel duly authorized to practice before this Court. Fed. R. Bankr. P. 9010(a); *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir. 1985).

30.      Here, Debtor is an entity and not an individual. Debtor filed the case without an attorney. To date, the Debtor has yet to file a Motion to Employ Counsel. Accordingly, cause exists to dismiss this case.

**4.      Cause Exists to Dismiss this Case as there is no Likelihood of a Successful Reorganization**

31.      Pursuant to 11 U.S.C. §1112(b)(4)(A), a court may dismiss a case due to a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. §1112(b)(4)(A). In *United Sav. Ass'n v. Timbers*, the Supreme Court stated that, "there must be a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n. of Texas v. Timbers of Inwood Forest Associates, Ltd*, 484 U.S. 365, 376 (1988).

32.      Here, Borrower failed to comply with the terms and provisions of the Note. As a result, October 3, 2024, Creditor obtained a Final Foreclosure Judgment for $425,949.64. (*See* Exhibit 3). The amount of the Judgment has increased significantly since entry due to post-Judgment interest, fees, and advances. The Debtor filed a skeletal petition with blank or missing information. Debtor listed the Property as its principal place of business on the petition. Debtor alleged it is a "single asset real estate" debtor. Debtor attached a "Written Consent and Resolution of the Members/Managers of 7 Merriewold LLC" to the petition. Creditor is listed as the only creditor of the Bankruptcy estate. Debtor listed the Claim as disputed on the list of 20 Largest Unsecured Creditors in the amount of $450,000, with a collateral value of $350,000. The petition was signed by the Borrower as Member of the Debtor. (*See* Dkt No. 1). There is no indication from the Bankruptcy filing to suggest the Property contains equity, or that the Property generates income.

33.      Creditor asserts the Debtor lacks the income to pay secured creditors to fund a Plan, and cure the Judgement in full. Based on the lack of income to fund a Plan and pay secured and unsecured claims, there is no likelihood of a successful reorganization as any Plan will lack feasibility 11 U.S.C. § 1129(a)(11). Section 1129(a)(11) requires that confirmation is not likely to be followed by liquidation or the need for further reorganization unless the plan proposes it.

34.     Retaining property that is not producing net income is evidence of bad faith and such a plan should not be confirmed. *See In re Lindsey*, 122 B.R. 157 (Bankr. M.D. Fla. 1991) ("[T]he court may not and should not permit the debtors to use a [plan] to retain and increase their equity in investment property at the expense of their unsecured creditors."); *see also Loop Corp. v. United States Trustee*, 379 F.3d 511, 515-16 (8th Cir. 2004) (properties must generate positive cash flow to justify retention.

35.     There is no indication the Debtor's financial circumstances have improved since entry of the Judgment. If anything, the Debtor's financial circumstances have gotten worse as Creditor's Loan has continued to accrue interest, fees, and escrow advances, further depleting any available equity to pay claims, resulting in a continuing loss to or diminution of the estate.

36.     Pursuant to 11 U.S.C. §1112(b)(4)(A), a court may dismiss a case due to a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. §1112(b)(4)(A).

37.     Accordingly, there no likelihood for a successful reorganization, and dismissal or conversion appears to be the only option.

**5.      Cause Exists to Dismiss this Case for Bad Faith**

38.     Subsection (b)(4) of section 1112 sets forth a non-exclusive list of examples of cause to dismiss a case. 11 U.S.C. § 1112(b)(4). The list of matters constituting cause for dismissal is not exclusive and chapter 11 petitions may be dismissed for bad faith. *In re SGL Carbon Corp.*, 200 F.3d 154 (3d Cir. 1999). Serial filings are not considered to be *per se* bad faith. *See In re Elmwood Dev. Co.,* 964 F.2d 508, 511 (5th Cir. 1992) (finding that the Code itself contains no absolute bar against filing a second Chapter 11 petition); *Downey Sav. & Loan Ass'n v. Metz (In re Metz),* 820 F.2d 1495, 1497 (9th Cir.1987); *see also Johnson v. Home State Bank,* 501 U.S. 78, 87 (1991) (permitting serial filings under chapter 7 and then chapter 13). Instead, the court must review the totality of the circumstances to determine the issue of bad faith. *In re Metz,* 820 F.2d at

1498 (citing *Goeb v. Held (In re Goeb),* 675 F.2d 1386, 1391 (9th Cir.1982)); *Elmwood Dev.*, 964

F.2d at 510 (it involves a "collation of factors, rather than any single datum").

40. "Bad faith" is somewhat of misnomer. It is *not necessary* to show ill will or malicious conduct on the part of the debtor or intentional abuse of the bankruptcy laws. All that need to be shown is that the petition or pleading was filed for a purpose other than that sanctioned by the Code. (*See In re McCormick Road Assocs.*, 127 B.R. 410, 415 (Bankr. N.D. Il. 1991); *In re Southern Calif. Sound Systems, Inc.*, 69 B.R. 896, 901, fn. 2 (Bankr. S.D. Cal. 1987). The court must review the totality of the circumstances to determine the issue of bad faith. *Little Creek Develop. Co.*, 779 F2d 1068, 1072 (5th Cir. 1986); *In re Albany Partners, Ltd.*, 749 F2d 670, 674 (11th Cir. 1984). All facts and circumstances *leading up to the filing of the bankruptcy case are considered, as well as the debtors' conduct during the case. See In re Charfoos*, 979 F2d 390, 394-395 (6th Cir. 1992); *In re Laguna Assocs. Ltd. P'ship*, 30 F3d 734, 738 (6th Cir. 1994); *In re Robino*, 243 B.R. 472, 487 (Bankr. N.D. Al. 1999).

40. The instant case was not filed in good faith as a matter of fact and law. Creditor obtained a Final Foreclosure Judgment. However, Creditor has been unable to exercise its rights under state law as the Debtor has engaged in a scheme to hinder or delay Creditor's rights, including a potential unauthorized transfer of interest in the Property, and multiple Bankruptcy filings by the Borrower, and now a third party Debtor, on the eve of the scheduled foreclosure sale. Meanwhile, the Debtor has failed to comply with any of the provisions of the Bankruptcy Code.

41. The Second Circuit endorsed the principle that a Chapter 11 case could be dismissed as a bad faith filing in a single asset real estate case where the debtor filed a Chapter 11 petition in response to a foreclosure commenced by a secured creditor. *In re C-TC 9th Ave. Partnership,* 113 F.3d 1304 (2d Cir. 1997). The Circuit Court held that the Bankruptcy Court did

not abuse its discretion in dismissing the case where "on the filing date there was no reasonable likelihood that the debtor intended to reorganize and no reasonable probability that it would eventually emerge from bankruptcy proceedings." *C-TC 9th Ave. Pshp.*, 113 F.3d at 1309.

42.   The Court in *C-TC 9th Ave. Partnership* set forth the factors that tended to establish that the debtor in that case did not have a valid reorganizational purpose: (1) the debtor has only one asset; (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors; (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt; (4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action; (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights; (6) the debtor has little or no cash flow; (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and (8) the debtor has no employees. *In re C-TC 9th Ave. Partnership,* 113 F.3d 1304 (2d Cir. 1997); *In re* 652 W. 160th LLC, 330 B.R. 455, 462 (Bankr. S.D.N.Y. 2005).

43.   Many of these factors are present in this case. Here, the Subject Loan has been in default for years. As a result, Creditor commenced a valid foreclosure and obtained a Judgment. Creditor has been unable to exercise its rights under state law due to the bankruptcy filing timed to frustrate the scheduled foreclosure sale. In the meantime, the Subject Loan has remained in default.

44.   Considering the above facts and the totality of circumstances, Debtor's petition was filed in "bad faith": (1) it appears Debtor only has an interest in one asset (the Property); (2) the Debtor has only one secured creditor;  (3) the Debtor's only asset  is subject to a foreclosure

action as a result of arrearages or default on the debt; (4) the Debtor's financial condition is, in essence, a two party dispute between the Debtor and Creditor, which can be resolved in the pending state foreclosure actions; (5)  the timing of the filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights; (6) the Debtor's alleged small business has no substantive cash flow to make payments under the Loan and appears to serve no legitimate business purpose; (7) the Debtor is unable meet current expenses including the payment of taxes and insurance; (8) the Debtor has no employees; (9) Debtor has  not conducted any significant business except for the filing of Bankruptcy; (10) the petition is a "skeletal filing" with incomplete or missing information; (11) Debtor failed to file required documents and comply with Court orders; and (12) Debtor filed multiple bankruptcy cases following an alleged unauthorized transfer of interest in the Property.

45.     Considering the above facts and the totality of circumstances, Debtor's petition was filed in "bad faith." Based on the foregoing, Creditor asserts Debtor has acted in bad faith and cause exists to dismiss this case under 11 U.S.C. §1112.

**B.     DISMISSAL IS IN THE BEST INTERESTS OF CREDITORS**

46.     Under § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11 case, the court must decide which of several court actions will best serve the estate's creditors. It must decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and identify whether there are unusual circumstances establishing that dismissal or conversion is not in the best interests of creditors and the estate. *In re Adamo*, 2016 LEXIS 694, *27 (Bankr. E.D.N.Y. Mar. 4, 2016). When deciding between dismissal and conversion under section 1112(b), "a bankruptcy court must consider the best interest of the creditors and the estate." *In re Froman*, 566 B.R. 641, 651 (Bankr. S.D.N.Y 2017) (emphasis

in original; internal quotes omitted) (citing *Bankr. Doc. 68 at 12:8-10).* Thus a court should dismiss a case when a debtor has little to no unsecured creditors and almost no unencumbered nonexempt assets, thereby indicating that there would be little or no chapter 7 estate to administer and no unsecured creditor body to administer the estate on behalf of. *In re Grego*, 2015 WL 3451559, at *8 (9th Cir. BAP May 29, 2015).

47.     Here, it does not appear the Debtor owns any unencumbered nonexempt assets. As stated in *Grego*, the court should dismiss a case when a debtor has little to no unsecured creditors and almost no unencumbered nonexempt assets, thus indicating that there would be little or no chapter 7 estate to administer and no unsecured creditor body to administer the estate on behalf. *Id*. As there appears to be no unencumbered assets and no unsecured creditors, conversion of the case to a Chapter 7 will only serve as a further delay. Accordingly, this case should be dismissed.

**WHEREFORE**, Creditor prays that this Court issue an Order

1.     Dismissing the Chapter 11 Case with prejudice; and

2.     Such other relief as the Court deems just and proper.

 Dated: April 7, 2026

Respectfully submitted,

*/s/ Jenelle Arnold*
Jenelle Arnold
Attorney for Creditor
Aldridge Pite, LLP
8880 Rio San Diego Drive
Suite 725
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
Email: JArnold@aldridgepite.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK - POUGHKEEPSIE DIVISION

---

-------------------------------------------------------------X    Case No. 26-35163-kyp

In Re:

Chapter 11

7 MERRIEWOLD LLC,

                                        Debtor.    **CERTIFICATE OF SERVICE**

-------------------------------------------------------------X

---

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the *Motion To Dismiss Debtor's Chapter 11 Bankruptcy Case* was served via electronic means and/or mailed by U.S. Mail on April 7, 2026 to the parties listed below:

7 Merriewold LLC
7 Merriewold Lane S
Monroe, NY 10905
 (via U.S. Mail)

Department of Justice
Southern District of New York (Poughkeepsie)
Office of the United States Trustee
11A Clinton Ave.
Room 620
Albany, NY 12207
USTPRegion02.PK.ECF@USDOJ.GOV
(via electronic notice)

                **See creditor's served attached

                Respectfully submitted,

                /s/Jenelle C. Arnold
                By: JENELLE C. ARNOLD
                Aldridge Pite, LLP
                3333 Camino del Rio South, Suite 225
                San Diego, CA 92108
                Telephone: (858) 750-7600
                Email: jarnold@aldridgepite.com

**CREDITOR'S SERVED VIA U.S. MAIL:**

US Bank NA
1011 Centre Road
Wilmington, DE 19805-1267

Bentzion Jacobovitch
7 Merriewold Lane S,
Monroe, NY 10905