UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X          Case No. 26-35163-kyp
In Re:                                                                     Chapter 11

7 MERRIEWOLD LLC,
                                                                               OBJECTION


          Debtor.
-------------------------------------------------X

## OBJECTION OF DEBTOR TO MOTION FOR ANNULMENT OF THE AUTOMATIC STAY *NUNC PRO TUNC*

Debtor, 7 Merriewold LLC (the "Debtor"), by and through undersigned counsel, hereby submits this Objection and Opposition to the Motion for Annulment of the Automatic Stay Nunc Pro Tunc (the "Motion") filed by U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust (the "Movant"), and respectfully requests that the Motion be denied in its entirety, together with such other and further relief as this Court deems just and proper.

We respectfully request the Court accept this late filed objection as the undersigned counsel was retained by the Debtor after the filing of the case and after the filing of the Motion. Counsel had difficulty getting information required by the Bankruptcy Code and is still in the process of filing the required schedules and as such needed additional time to respond to the Motion. Counsel for the Movant indicated that she does not object to the Court's consideration of this late filed submission if it is acceptable to the Court.

We do not defend the actions of the Debtor's principals who transferred the title of the Property to 7 Merriewold, LLC prior to the foreclosure sale. However, as a threshold matter, Movant cannot simply annul the stay to take title to the Property. The transfer of the Property may have been in violation of certain clauses in the loan documents but it nonetheless

prevented the subsequent transfer of title to Movant, because the foreclosure judgment was against the individuals not the Debtor.

Additionally, the Motion should be denied because the Movant has not established a sufficient factual or legal basis for the extraordinary remedy of retroactive annulment of the automatic stay. By Movant's own account, the bankruptcy petition was filed before the foreclosure sale occurred. The sale therefore took place after the automatic stay arose, and actions taken in violation of the stay are void. The Motion relies on unsupported conclusions regarding Debtor's owners alleged bad faith, and legal authorities that are not controlling in this Court. Movant has failed to satisfy its burden to obtain *nunc pro tunc* relief on the present record.

### FACTUAL AND PROCEDURAL OBJECTIONS

1. Movant bears the burden of establishing cause for retroactive stay relief, and unsupported characterizations are insufficient. The Motion repeatedly labels the deed as "unauthorized," describes the filing as a "scheme," and attributes improper intent to the Debtor and non-debtor parties, but it does not fully address factual disputes concerning notice.

2. Movant alleges that an email transmitting the bankruptcy petition was sent after the sale commenced and to a general inbox, but that assertion does not establish that no notice was effectively provided before completion of the sale, nor does it establish what steps were taken, if any, to halt or unwind the sale once notice was received or reasonably available.

3. Movant also fails to conclusively negate the Debtor's property interest as of the petition date. To the contrary, Movant acknowledges the existence of a recorded deed reflecting a transfer to the Debtor at 9:48 a.m. on February 17, 2026, before the 10:00 a.m. foreclosure sale. Whether that transfer was valid, avoidable, voidable, ineffective, or subject to challenge is a

separate merits issue; it does not justify deciding, on this Motion alone, that no property interest existed and no stay applied.

4. The Debtor's initial filing deficiencies, standing alone, do not warrant retroactive annulment of the stay. A skeletal filing still commences a bankruptcy case and triggers the protection of section 362 unless and until the case is dismissed or other relief is granted. Likewise, the fact that the Debtor had not yet filed schedules, monthly operating reports, or a plan at the early stage of the case does not retroactively validate a foreclosure sale conducted after the petition was filed.

## I.      ARGUMENT

### A.      ANNULMENT OF THE STAY IS AN EXTRAORDINARY REMEDY AND MOVANT HAS NOT SHOWN CAUSE FOR SUCH RELIEF.

The automatic stay exists to preserve the status quo and protect all parties from unilateral action. *See e.g. In re Henderson*, No. 1-08-48268-jmm, 2026 LX 57102 (Bankr. E.D.N.Y. Jan. 9, 2026) (Where a creditor knowingly violated the stay and refused to return the property for years, the Court imposed punitive damages.) Retroactive annulment is reserved for rare cases where equity overwhelmingly favors validation of acts taken in violation of the stay. *See id.*

Retroactive annulment is not routine relief; it is reserved for unusual circumstances where the equities decisively favor validation of otherwise void conduct. Here, Movant's own allegations establish that the petition preceded the foreclosure sale. That sequence strongly favors preserving the status quo and requiring Movant to seek ordinary prospective relief rather than retroactive validation. The automatic stay is automatic and requires no affirmative act by a bankrupt debtor other than the filing of a petition. See *In re Gen. Am. Communs. Corp.*, Case No. 83-B11495, Adv. Proc. No. 89-6193, Adv. Proc. No. 89-6195, Adv. Proc. No. 89-6196,

3

1990 Bankr. LEXIS 2985 (Bankr. S.D.N.Y. Nov. 26, 1990). The Debtor's Chapter 11 plan will address the mortgage claim; therefore, because the issue will be ultimately resolved in the course of the Debtor's bankruptcy case the stay should not be lifted. See e.g. *In re Enron Corp.*, No. 01 B 16034 (AJG), 2002 Bankr. LEXIS 2226 (Bankr. S.D.N.Y. Mar. 19, 2002).

Moreover, much of Movant's legal discussion relies on Ninth Circuit authorities, including *Schwartz*, *Gruntz*, and *Fjeldsted*, which are not controlling in this Court. Even if those decisions are considered for persuasive value, they do not compel annulment on a disputed record. The relevant inquiry remains equitable and fact intensive, and the Court should decline to grant retroactive relief where the material facts remain contested.

**B.    DISPUTED ISSUES OF GOOD FAITH, NOTICE, AND OWNERSHIP CANNOT BE RESOLVED AGAINST THE DEBTOR ON THE PRESENT RECORD.**

Movant asks the Court to infer bad faith from the timing of the petition, the prior filing by Mr. Jacobovitch, and the deed recorded before the sale. As previously mentioned, the debtor was not represented at the time of filing and did not understand the complexities of the Chapter 11 filing. To assume that the debtor acted in bad faith negates the fact that the individuals acting on behalf of the *pro se* Debtor were ignorant of the proper procedures for filing. The debtors unintentionally failed to file schedules and notified the bank of the initial filing in an unconventional manner. Also, courts have wisely cautioned that "a request for retroactive relief from the automatic stay should be granted sparingly. *Chimera Capital, L.P. v. Nisselson* (*In re Marketxt*), 428 B.R. 579, 585 (S.D.N.Y. 2010); *In re Crichlow*, 666 B.R. 441, 451, 2024 Bankr. LEXIS 2671, 17-18.

If Movant seeks a ruling that the Debtor had no legal or equitable interest in the Property on the petition date, that request necessarily raises factual and legal issues concerning the deed,

4

delivery, recordation, authority, and state-law property rights. Those issues should not be determined summarily through conclusory motion practice. At a minimum, denial without prejudice or an evidentiary hearing would be more appropriate than entry of final retroactive relief on the current papers.

**C.      MOVANT IS NOT ENTITLED TO AN ORDER DECLARING THAT NO STAY WAS IN EFFECT.**

Movant's alternative request for an order "confirming no stay is in effect" should likewise be denied. The petition indisputably commenced this bankruptcy case before the sale. To the extent Movant disputes whether the Property was estate property, that dispute does not erase the existence of the stay; it simply frames the scope of the stay and the need for adjudication.

WHEREFORE, the Debtor respectfully requests the Court to deny the request for annulment of the automatic stay nunc pro tunc and grant such other and further relief as the Court deems just and proper.

Dated: Harrison, New York
        May 15, 2026

BRONSON LAW OFFICES P.C.
By: /s/ *H. Bruce Bronson*
H. Bruce Bronson, Esq.
480 Mamaroneck Avenue
Harrison, New York 10528
(914) 269-2530

5